Citation Nr: 1730449 
Decision Date: 07/21/17 Archive Date: 08/09/17

DOCKET NO. 16-01 947 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

R. Kettler, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1976 to August 1978.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2015 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Entitlement to TDIU requires the presence of impairment so severe that it is impossible for the average person to follow a substantially gainful occupation. Consideration may be given to the Veteran's level of education, special training and previous work experience in arriving at a conclusion, but not to his age or to the impairment caused by nonservice-connected disabilities. 38 U.S.C.A. § 1155 (West 2015); 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.19 (2016). In reaching such a determination, the central inquiry is "whether the Veteran's service-connected disabilities alone are of sufficient severity to produce unemployability." Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993) (emphasis added).

The law provides that a total disability rating may be assigned where the schedular rating is less than total, when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, or if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. See 38 C.F.R. § 4.16(a) (2016).

Currently, the Veteran's service-connected disabilities consist of post-traumatic stress disorder (PTSD), rated as 50 percent disabling, and a bilateral left eye condition, rated as 10 percent disabling. The total combined rating for his service-connected disabilities is 10 percent from May 27, 2010 and 60 percent from March 07, 2011. 38 C.F.R. §§ 4.16, 4.25. The assigned combined evaluation for the Veteran's service-connected disabilities fails to meet the criteria for schedular consideration of TDIU. See 38 C.F.R. § 4.16(a).

Initially, it is noted that there is a pending claim for an increased rating for PTSD. In August 2016, the AOJ requested additional information from the October 2015 VA examiner. After review of the record, those responses are still pending. The propriety of the increased rating claim may affect the outcome of the TDIU claim. The TDIU issue is intertwined with the increased rating claim because the Veteran asserts that he is unemployable due to PTSD. See Harris v. Derwinski, 1 Vet. App. 180 (1991). Thus, the Board finds that adjudication of the TDIU claim must be deferred pending resolution of the increased rating claim.

Additionally, the Board notes that the Veteran does not currently meet the requirements of a schedular TDIU rating, however, where the percentage requirements in §4.16(a) are not met, entitlement to the benefit on an extraschedular basis may be considered when the Veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities, and consideration is given to the Veteran's background including his employment and educational history. In this instance, a review of the record demonstrates that the Veteran has lost numerous jobs due to impaired impulse control and grossly inappropriate behavior related to his service-connected psychiatric disorders. See June 2014 VA examiner. Therefore, should the Veteran fail to meet the schedular requirements for a TDIU following the adjudication of the above noted claims, the Veteran's claim for a TDIU should be submitted to the Director of Compensation Service, for extraschedular consideration. 38 C.F.R. § 4.16(b).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Upon completion of the required development for the increased rating in excess of 50 percent for PTSD claim, readjudicate the claim and issue a supplemental statement of the case.

2. After completing the above actions and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claim of entitlement to a TDIU should be adjudicated. The rating should also reflect consideration of the applicability of the provisions of 38 C.F.R. § 4.16(b) as applicable. In evaluating his claim, the Veteran's occupational history and education must be specifically considered and discussed.

3. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative must be provided a Supplemental Statement of the Case and be given an adequate opportunity to respond. Thereafter, the case should be returned to the Board for further appellate action.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 

of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Cynthia M. Bruce
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).